IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BEAU L. MCGINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-3097 |
| | ) |
| UNITED STATES AIR FORCE, et. al, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Defendants United States Air Force, the United States Environmental Protection Agency, Former Vice President of the United States Michael R. Pence, United States Army General Gustave F. Perna and Former Assistant to the Secretary of Defense for Public Affairs Jonathan Rath Hoffman's ("Government Defendants") Motion to Dismiss (d/e 5). In addition, Defendant John Lee has also filed a Motion to Dismiss (d/e 9). For the following reasons, the Government Defendants' Motion to Dismiss (d/e 5) and Defendant Lee's Motion to Dismiss (d/e 9) are GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

## I.  BACKGROUND

On December 28, 2023, Plaintiff Beau L. McGinley filed a pro se Complaint against the Government Defendants and John Lee, a physician, in Sangamon County, Illinois. (d/e 1-2, 1-5). Plaintiff alleges multiple counts of negligence and fraud by the Government Defendants and medical malpractice by Defendant Lee. Id.

On April 26, 2024, the Government Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1). Attached to the Notice of Removal was a copy of Plaintiff's pro se filing, along with an Application of Waiver of Court Fees (d/e 1-1), Approval of Fee Waiver (d/e 1-4), and various filings from the state court docket.

On May 10, 2024, Government Defendants moved to dismiss all Counts against them on the basis of the derivative jurisdiction doctrine and because the Complaint is frivolous, and the Court has broad discretion to dismiss claims of this nature. (d/e 6). On May 13, 2024, Defendant John Lee moved to dismiss the Count against him, joining in the requested relief by the Government Defendants, and specifically their argument as to the frivolity of the complaint. (d/e 9).

On June 5, 2024, Plaintiff's Response to the Motions to Dismiss was docketed, after the Defendants notified the Court that Plaintiff filed his Response in the original state court action. (d/e 13, 14). Plaintiff filed a Supplemental Response on June 25, 2024. (d/e 16).

## II.   LEGAL STANDARD

The Government Defendants and Defendant Lee have moved to dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and the Court's inherent authority to dismiss complaints. Section 1915(e)(2) requires a careful threshold scrutiny of a complaint filed by an *in forma pauperis* plaintiff. A Court must dismiss any complaint if the action fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hoskins v. Pelstra, 320 F.3d 761, 763 (7th Cir. 2003).

A *sua sponte* dismissal of a pro see complaint is appropriate under 28 U.S.C. § 1915(d) if "the petitioner can make no rational argument in law or facts or support his claim for relief." Jones v. Morris, 77 F.2d 1277, 1279-80 (7th Cir. 1985); see also Neitzke v. Williams, 490 U.S. 319, 328 (1989).

## III.   ANALYSIS

Here, Plaintiff has not filed any pleading requesting to proceed *in forma pauperis*. However, Plaintiff did file an application for waiver of court fees which was granted at the state court level. Even though Plaintiff did not seek an *in forma pauperis* status in federal court, this Court does have the authority to screen cases and dismiss an actions *sua sponte*. See Mallard v. United States Dist. Ct., 490 U.S. 296, 307-308 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision" See also Rowe v. Shake, 196 f.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status").

Plaintiff's action fails to state a claim. Plaintiff filed this action against the United States Air Force, the United States Environmental Protection Agency, Former Vice President of the United States Michael R. Pence, United States Army General Gustave F. Perna and Former Assistant to the Secretary of Defense for Public Affairs Jonathan Rath Hoffman and setting for allegations regarding UFOs and COVID-19. Plaintiff alleges that he encountered a UFO in Illinois and seemingly blames the Government Defendants for this

"interaction." (d/e 1-5). Specifically, Plaintiff accuses the United States Air Force and the United States Environmental Protection Agency of failing to protect the County from the UFO and its hazardous effects. Id. Plaintiff allegedly saw "green reside" on the UFO, he was exposed to radioactive material by touching the "green residue" that resulted in problems with his toes, and a radiation application on his phone confirmed said exposure. Id. at p. 2-3, 5-6, 8, 12, 20-21, 25.

Plaintiff alleges Former Assistant to the Secretary of Defense for Public Affairs Jonathan Rath Hoffman is online utilizing racial slurs to describe him and calling him a "snitch" for the pending lawsuit he filed. (d/e 1-5, p. 5). Plaintiff claims the remainder of the Government Defendants are responsible for stealing his idea for a "one shot" COVID-19 vaccine. Further, Plaintiff alleges that he owns millions of dollars in stock and that Defendants have been stealing money from him and taking credit for his COVID-19 shot and testing kit development. Id. at pp. 4, 13-16, 18.

As to Defendant Lee, Plaintiff alleges he was "exposed to radiation poisoning due to the United States Air Force's [sic] negligence" and sought an appointment with Dr. Lee. (d/e 1-5, p. 30).

Plaintiff alleged Dr. Lee did not listen to Plaintiff's concerns and that his phone application clearly shows radioactivity in his feet.

Along with Plaintiff's initial and amended complaint, in Plaintiff's response to the Motions to Dismiss, he again discusses how he created the "one-shot" COVID-19 vaccine and is not being paid for it, he has been threatened online, called racial slurs, doctors will not diagnose him with radioactivity, and he attaches what he believes to be a list of "United States Confirmed UFO's." (d/e 16).

Plaintiff's allegations fail to state a claim. Edwards 478 F.3d 827 at 829 (7th Cir. 2007); see, e.g. Fillmer v. Claims Unit Division of Risk Mgmt., No. 4:23-cv-04183-SLD-JEH, 2024 WL 84188 (C.D. Ill. Jan. 8, 2024) (dismissing a case as factually inadequate where plaintiff alleged he was subjected to surveillance and harassment by government agents appearing as voices in his head).

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (d/e 5, 9) are GRANTED as Plaintiff has failed to state a claim that is nonfrivolous.  Plaintiff's claims are DISMISSED with prejudice in their entirety.  Because amendment would be futile, Plaintiff's Motion for Leave to File an Amended Complaint (d/e 25) is DENIED.  The

Clerk is DIRECTED to close this case and enter judgment for Defendants.

**ENTERED: September 3, 2024.**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**